IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | CASE NO.  1:10 CV 2857 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JAMES M. KENNEDY, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter is before the Court for a determination of damages owed by Defendant James

M. Kennedy to Plaintiff, Joe Hand Promotions, Inc..  As determined in this Court's

Memorandum and Order granting partial summary judgment, Mr. Kennedy " receive[d] ... [an]

interstate or foreign communication by radio and use[d] such communication (or any information

therein contained) for his own benefit of for benefit of another not entitled thereto."  This

establishes a violation of 47 U.S.C. § 605(a), and entitles Plaintiff to damages calculated in

accordance with 47 U.S.C.  § 605(e)(3)(C).  When an aggrieved party brings suit under 47 U.S.C.

§ 605(e)(3)(A), actual or statutory damages are to be awarded regardless of whether the

Defendant's violation was willful, negligent, or otherwise intended.   The amount of statutory

damages available to an aggrieved party varies, ranging from $250.00 to $110,000.00,

depending on the level of culpability determined by the Court.

Title 47 U.S.C. § 605(e)(C) provides that the Court may award damages to an aggrieved party as follows:

> (C)(I) Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
>> (I) the party aggrieved may recover actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages . . .
>>
>> (II) the party aggrieved may recover an award of statutory damages . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just **. . .**
>
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory**,** by an amount of not more than $100,000 for each violation . . .
>
> (iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

Further, pursuant to 47 U.S.C. § 605(e)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party" who has established the defendant's liability.

The Court held an evidentiary hearing on March 26, 2012, allowing the parties to present evidence bearing on the appropriate amount of damages to be assessed under the statute. Plaintiff indicated at the hearing that it was not pursuing actual damages, but was seeking $20,000 in statutory damages, plus costs and attorney's fees as contemplated by the statute. Plaintiff called no witnesses and presented no new documentary evidence at the hearing, choosing to rely on the affidavits previously submitted with its summary judgment briefing, and on its cross-examination of the defense witnesses.  (ECF # 32, 36).  Plaintiff also filed a "Brief in

-2-

Support For [sic] An Award of Damages," prior to the hearing.  (ECF #41).  Plaintiff's arguments in support of its request for $20,000 in damages centered on the alleged 150-203 person capacity of the bar, the cost of legally obtaining the rights to show the program at issue, and the need for high damage awards to deter future violations by other potential offenders.  Plaintiff presented no evidence whatsoever that would have led the Court to conclude that Mr. Kennedy's violation was in any way willful or that Mr. Kennedy had any reason to believe his conduct was a violation of the wire and radio communications laws.

Defendant, Mr. Kennedy testified on his own behalf, and called Mr. Philip K. Dore as a witness. Mr. Kennedy testified that the occupancy limit of the establishment at issue, Kennedy's Broadway Billiards, was closer to 35, than to the 150-203 estimated by the Plaintiff.  He also provided photographic exhibits that supported this lower occupancy estimation.   Mr. Dore also testified that the business had never had an official occupancy permit that listed an occupancy limit in the range estimated by the Plaintiff.

Defendant further testified that he had contacted Dish Network to provide satellite service to his bar; that the bills were sent to the business address; that the business paid the bills; and, that he had never had residential service through that company.  The company paid monthly for the Dish Network service, and separately paid Dish the pay-per-view rate for the program at issue.  Mr. Kennedy testified that because he paid for service through Dish, and because Dish knew that they were providing service to a commercial establishment, he had no idea that the bar was not legally allowed to buy the pay-per-view version of the program at issue and show it to its customers.   He also testified that he did not intend to, nor did he in fact, obtain any financial gain or other commercial advantage by showing the program in his establishment.  There was

-3-

absolutely no evidence to contradict Mr. Kennedy's testimony, and the Court found him to be credible.

Therefore, because the Court finds that Mr. Kennedy was not aware and had no reason to believe that his acts constituted a violation of Section 605 of Title 47 of the United States Code, and that he did not obtain any commercial advantage or financial gain from the violation, the damages in this case should be reduced to the minimum allowed pursuant to 47 U.S.C. § 605(e)(C)(iii), which is $250.  The statute also provides that the Court must award full costs and reasonable attorney's fees to the Plaintiff.

The Court finds that the amount of $1750 should be more than sufficient to compensate the Plaintiff for costs and reasonable attorney fees, and to satisfy the purpose of 47 U.S.C. § 605(e)(B)(iii).  The Defendant made an offer of judgment to the Plaintiff, pursuant to Fed. R. Civ. P. 68, in the amount of $2000, very early in the case.  The offer was made a week prior to the parties' first appearance with the Court at the Case Management Conference, and less than three months after the Complaint was filed.  Discovery, if any, would have been limited at this juncture, and outside of the $350.00 filing fee, few if any costs should have been incurred. Plaintiff had not been required to file anything with the Court prior to receiving the offer of judgment, although it did file an unsuccessful motion to strike affirmative defenses.   The Complaint was similar to the Complaints Plaintiff has filed in numerous other cases nationwide, including in this District, and should not have required much in the way of reasonable attorney's fees.   As the Plaintiff has been unable to produce any evidence showing a willful or knowing violation of the statute, and apparently had no evidence of a willful violation at the time the action was filed, the offer of judgment was more than reasonable to resolve the action at the time

-4-

it was made.  The Defendant indicated at oral argument that a judgment in the amount of the offer of judgment would be unobjectionable in satisfaction of the minimum damages award plus costs and reasonable attorney's fees.

Therefore, the Court hereby awards damages, costs, and attorney fees to the Plaintiff in the amount of $2,000.00.  This case is dismissed with prejudice.  IT IS SO ORDERED.

       /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: March 28, 2012

-5-